Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NOVELTY TEXTILE, INC., a California Corporation,

Plaintiff,

v.

ANS PRODUCTION CORPORATION, individually and doing business as "Cleo Apparel," a California Corporation; RAINBOW USA, INC., a New York Corporation; A.I.J.J. ENTERPRISES, individually and doing business as "CarrenSport," a New York Corporation; ROSS STORES, INC., individually and doing business as "DD's Discounts," a Delaware Corporation; and DOES 1-10 inclusive,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

<u>Jury Trial Demanded</u>

Plaintiff NOVELTY TEXTILE, INC. ("NOVELTY"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, NOVELTY, is a corporation organized and existing under the laws of the State of California with its principal place of business located in Vernon, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant ANS Production Corporation, individually and doing business as "Cleo Apparel," (collectively referred to as "CLEO") is a corporation organized and existing under the laws of the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Rainbow USA, Inc. ("RAINBOW") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant A.I.J.J. Enterprises, individually and doing business as "CarrenSport," (collectively referred to as "CARREN") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant Ross Stores, Inc., individually and doing business as "DD's Discounts" (collectively referred to as "ROSS") is a corporation organized and existing under the laws of the state of Delaware, and is doing business in and with the state of California.

9. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO 1620**

11. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design 1620 (the "Subject Design"). This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

12.Plaintiff has applied for and received a United States Copyright Registration for the Subject Design.

13.Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries. A true and correct image of the Subject Design is presented below:

Subject Design



14.Following this distribution of product bearing the Subject Design, Plaintiff is informed and believes that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

15.Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, CLEO, RAINBOW, CARREN, ROSS, and certain DOE

defendants created, sold, manufactured, caused to be manufactured, imported and distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to the Subject Design (hereinafter "Subject Product"). Said Subject Product includes, but are not limited to, the following:

a. RAINBOW garments sold under, *inter alia*, Style No. P174155. Such Subject Product bore the CARREN label, indicating said garments were manufactured by, caused to be manufactured by, or supplied by CARREN. Plaintiff is informed and believes, and thereon alleges that the vendor of at least some of said Subject Product was CLEO. See below for true and correct images of one such garment with tags:

<u>Subject Product</u>






///
///

b. ROSS garments sold under, *inter alia*, Style No. D6094. Such Subject Product bore the CLEO label, indicating said garments were manufactured by, caused to be manufactured by, or supplied by CLEO. See below for true and correct images of one such garment with tags:

<u>Subject Product</u>






16. A comparison of the Subject Design and the non-exclusive exemplar of the Subject Product above illustrates that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar.

///

///

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

17. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to NOVELTY's legitimate fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) have an ongoing business relationship with the retailer Defendants, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Design through a nationwide network of retail stores and on-line outlets.

21. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that the infringement of NOVELTY's copyrighted design was willful, reckless, and/or in blatant disregard for NOVELTY's rights as a copyright holder, and as such, claims willful, exemplary and enhanced statutory damages of up to $150,000.00.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that the infringement of NOVELTY's copyrighted design was willful, reckless, and/or in blatant disregard for NOVELTY's rights as a copyright holder, and as such, claims willful, exemplary and enhanced statutory damages of up to $150,000.00.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

***Against All Defendants***

31. With Respect to Each Claim for Relief:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically that for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a constructive trust be imposed over the Infringing Product and any revenues derived from their sales;

d. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

e. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from their acts of infringement;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action;

i. That Plaintiff be awarded general and special damages; and

j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

DONIGER / BURROUGHS

Date: September 2, 2014 By: /s/ Scott A. Burroughs

Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Attorneys for Plaintiff